UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURETTE BALINSKY,

        Plaintiff,

    v.                            CASE NO. 8:04-cv-2692-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____/

**ORDER**

      Plaintiff seeks review of the Commissioner's decision denying her request to waive recovery of overpayment of her Child's Insurance Benefits ("CIB"), claiming that requiring repayment would defeat the purpose of Article II of the Act and be against equity and good conscience. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.[1]

     *Background*

      Plaintiff was 25 years old at the time of her administrative hearing on November 20, 2003. She graduated from high school in June 1997, attended four years of college in New York, and is currently a law student in Florida. Plaintiff received Child's Insurance Benefits after the death of her father. Those benefits terminated upon her graduation from highschool. Through no fault of her own Plaintiff received checks in August 1997 and September 1997. Neither of these checks were actually to Plaintiff. They were accidental overpayments. It is clear from the record that

_____

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 14).

Plaintiff and her mother cashed the August check, and promptly returned the September check without cashing it.  Plaintiff disputes the fact that she and her mother cashed the August check, however, the cancelled check is included in the record and bears both individual signatures.[2] Plaintiff alleges that she should not be forced to repay $809.00 in benefits because the overpayment was not her fault and forcing her to repay the monies would cause her hardship and undue burden. In addition, it would be against equity and good conscience since she has no available assets and needs the monies for basic living expenses.  The Commissioner asserts that after consideration of Plaintiff's financial resources, the ALJ correctly determined that Plaintiff was able to repay the debt.


Plaintiff requested waiver of the overpayment and the Agency denied her request.  After this denial Plaintiff requested reconsideration of the decision, which was also denied.  Plaintiff then requested a hearing in front of an ALJ.  This hearing was conducted on April 1, 2004.  The ALJ determined that Plaintiff was in fact overpaid, and that the overpayment was not waived.  Plaintiff subsequently exhausted her administrative remedies and filed suit in federal district court.  This case is now ripe for review.

*Standard of Review*

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v.*

---

[2] As the ALJ points out in his decision, the fact that Plaintiff disputes her unmistakable cashing of the August 1997 check, brings her credibility into question.

*Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal.  *Keeton,* 21 F.3d at  1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

Section 204(b) of the Social Security Act provides for a waiver of an overpayment of benefits for "any person who is without fault if such adjustment or recovery would defeat the purpose of this title or be against equity and good conscience."42 U.S.C. s 404(b) (1976).  The Act addresses overpayment of benefits:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such an adjustment would defeat the purpose of this subchapter or would be against equity and good conscience. *Id.*

Plaintiff bears the burden of establishing she is entitled to a waiver of the recovery of an overpayment.  *Viehman v.* Schweiker, 679 F.2d 223, 227 (11th Cir. 1982); *Kramer v. Cohen*, 310 F.Supp. 1014, 1015 (S.D. Ga. 1970).

With this is mind, the ALJ determined that although Plaintiff was not at fault for receiving the overpayment, recoupment of the monies would not defeat the purpose of Title II or be against equity and good conscience.  Plaintiff contends that repayment of the monies will deprive her of income necessary to pay her living expenses.  This contention is not supported by

3

substantial evidence.

The Agency offered to set up a payment plan for Plaintiff, whereby she would pay the minuscule sum of ten dollars per month.  Apparently even this sum was more than Plaintiff could afford.  Plaintiff contends that her only source of income is the money her mother provides, and her financial aid.  However, the record reveals a September 2002 pay stub from an Orlando business where Plaintiff was earning over a thousand dollars every two weeks.  Also, the record indicates that in addition to a home telephone, Plaintiff pays well over one hundred dollars towards a wireless telephone and forty-five dollars per month towards cable television.  Assumedly the money for these items comes from either Plaintiff's mother or her financial aid.  This Court is of the opinion that if Plaintiff is able to afford non–essential items like cable television and a wireless phone, no matter which source supplies the money, she should be able to apply money each month towards a reasonable payment plan in order to repay the CIB overpayment.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on this 2nd day of March, 2006.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


cc: Counsel of Record